UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN L. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00147-JMS-DLP |
| | ) |
| BROWN, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Kevin Martin's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as WVS 17-07-003. For the reasons explained in this Entry, Mr. Martin's petition is **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

WVS 17-07-0003 was the subject of a previous habeas corpus proceeding in this Court. Mr. Martin was convicted of assaulting staff in WVS 17-07-0003 on January 26, 2017. *See* Case 2:17-cv-00444-WTL-DLP, dkt. 21-5 (S.D. Ind. Dec. 15, 2017). The Court found that an evidentiary hearing was necessary to determine whether Sergeant Wilson improperly interrupted Mr. Martin's testimony and breached his right to a hearing before an impartial decisionmaker. *See id.* at dkt. 29, pp. 7–9. Rather than proceed with the evidentiary hearing, the Indiana Department of Correction (IDOC) opted to vacate Mr. Martin's disciplinary conviction, rescind his sanctions, and set WVS 17-07-0003 for a rehearing. *Id.* at dkt. 30-1.

This habeas proceeding concerns only the question of whether the rehearing resulted in Mr. Martin losing earned credit time in violation of the Constitution or laws of the United States. The original hearing and Sergeant Wilson's conduct at the original hearing are not relevant to this habeas action.

WVS 17-07-0003 is based on the following conduct report, which Correctional Officer B. McDonald wrote on January 21, 2017:

> On 7-21-17, I c/o McDonald was assigned to the SCU B-East unit. At approx. 4:05 pm while I was serving dinner chow, Offender Martin, Kevin DOC 169789 located in B401 threw a yellow liquid smelling like urine out of his cuff-port striking my shirt and arms.

Dkt. 7-1.

On January 17, 2019, Mr. Martin received a screening report notifying him that WVS 17-07-0003 would be reheard. Dkt. 7-2. Mr. Martin presented a written request for evidence to present in his defense. Dkt. 7-3. He requested to present statements from ten witnesses. *Id.* He also requested that the cup and Officer McDonald's clothing be tested to verify that the substance

thrown at Officer McDonald was urine. *Id.* at 2. Finally, he requested video from 8:00 A.M. through 5:00 P.M. to prove when and why he was placed in "strip cell" conditions. *Id.* at 3.

The prison staff compiled statements from nine of the witnesses Mr. Martin requested. *See* dkt. 7-11. The record does not include a statement from Jerry Snyder or an explanation as to why the prison staff did not obtain his statement. The prison staff did not test Officer McDonald's clothing or the cup. The record indicates that the prison staff did not preserve surveillance video from outside Mr. Martin's cell following the original disciplinary hearing, so the staff had no video to provide to Mr. Martin or to review itself at the rehearing. *See* dkt. 7-23.

WVS 17-07-0003 proceeded to a hearing on February 8, 2019. Dkt. 7-10. According to the hearing officer's report, Mr. Martin did not present a defense; instead, he asked for a continuance and argued that he was not provided evidence to which he was entitled. *Id.* The hearing officer found Mr. Martin guilty after considering the conduct report, the witness statements, grievances Mr. Martin filed, and responses to those grievances. *Id.* The hearing officer assessed sanctions, including a deprivation of earned credit time and a demotion in credit-earning class. *Id.*

Mr. Martin's administrative appeals were denied. *See* dkts. 7-21, 7-22.

### III. Analysis

Mr. Martin raises numerous challenges to his disciplinary conviction. Notably, Mr. Martin does not deny that he threw urine on Officer McDonald on January 21, 2017. Rather, he alleges he was denied several due-process rights in the rehearing. For the reasons set forth below, none of Mr. Martin's due-process challenges entitles him to habeas corpus relief.

**A.    Denial of Request for Laboratory Testing**

Mr. Martin first argues that the prison staff denied him due process by refusing his request to have the cup and Officer McDonald's clothing sent to a laboratory for testing. It is not clear

3

whether Mr. Martin believes that laboratory testing would show that the substance he threw on Officer McDonald was not urine, that it was someone else's urine, or something different all together.

Regardless, this argument "fails because he is not entitled to [such testing] at a prison disciplinary hearing as a matter of law." *Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007). Even in criminal proceedings, where the burden of proof is much higher, the Seventh Circuit has held that "neither expert testimony nor a chemical test" is required to verify the composition of a substance. *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004). The Seventh Circuit has extended this principle to prison disciplinary proceedings involving controlled substances. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) (holding that petitioner "was not entitled to demand laboratory testing" of substance alleged to be methamphetamine); *see also Jemison*, 244 F. App'x at 42 (holding that prison staff was not required to administer polygraph test to overcome inmate's assertion that he did not intend to spit on officer). The Court finds no reason why a different rule should apply to the substance that Officer McDonald identified as urine.

"Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley*, 699 F. App'x at 576. Accordingly, the prison staff's refusal to test the cup and clothing did not deprive Mr. Martin of due process.

**B.  Denial of Video Evidence**

Mr. Martin next asserts that the prison staff's failure to provide him with the video evidence he requested denied him due process. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts

the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

The record indicates that the prison staff moved Mr. Martin to a "strip cell" on July 21, 2017, because he made threats to officers. Mr. Martin argues that video from outside his cell would show that he was moved to the strip cell because he threatened officers and not because he threw urine on Officer McDonald. *See* dkt. 8 at 3, 4.

The witness statements Mr. Martin requested indicate that he *was* moved to the strip cell because he threatened officers earlier in the day on July 21, 2017. *See* dkts. 7-11, 7-12, 7-13. But the fact that Mr. Martin was reassigned to a strip cell for threatening staff on July 21 is not incompatible with the conclusion that he also threw urine on Officer McDonald on July 21. It is of course possible that Mr. Martin threatened officers; that the prison staff decided to move him to a strip cell; and that—before he was actually moved—he threw urine on Officer McDonald. In fact, the record indicates that this is exactly what happened. *See id.*

Surveillance video would be material and exculpatory if it showed that Officer McDonald never passed Mr. Martin's cell on July 21, or if it showed that Mr. Martin was moved out of that cell before 4:05 P.M., or if it showed that Officer McDonald passed the cell at 4:05 P.M. without any indication that Mr. Martin threw urine at him. But Mr. Martin does not assert that the video would show any of these outcomes.

As the petitioner, it is Mr. Martin's burden to establish that the evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness). The video evidence he describes would neither contradict nor undermine the

5

conclusion that he threw urine on Officer McDonald, and it would not increase the likelihood that the hearing officer would have found him not guilty.

**C.      Denial of Witness Statements**

Mr. Martin asserts that he was wrongly denied witness statements from Jerry Snyder and Sergeant Wilson. Again, Mr. Martin has failed to establish that testimony from these witnesses would have been material or exculpatory.

Mr. Martin requested a statement from Jerry Snyder regarding (1) who directed his movement to the strip cell on July 21, 2017, and (2) the reason for that order. *See* dkt. 7-3 at 2. For the reasons discussed in Part III(B) above, information about the reasons for Mr. Martin's reassignment to the strip cell has no bearing on the question of whether he threw urine on Officer McDonald.

Mr. Martin requested a statement from Sergeant Wilson specifying what she said during the original hearing in WVS 17-07-0003 and while escorting Mr. Martin to the original hearing. *Id.* at 1. Sergeant Wilson stated that she did not remember escorting Mr. Martin to a disciplinary hearing or assisting at the hearing. Dkt. 7-15. Mr. Martin has not stated in his petition or in his reply what, if anything, he believes Sergeant Wilson omitted from her statement. Likewise, Mr. Martin has not stated in his petition or in his reply what, if anything, Sergeant Wilson would have recalled if he had any additional opportunity to question her. And as the Court noted above, Sergeant Wilson's conduct during the original hearing is not relevant to the question of whether Mr. Martin was denied due process during the rehearing. Therefore, even if the prison staff denied Mr. Martin an opportunity to present evidence from Sergeant Wilson, the Court cannot conclude that the evidence would have been material or exculpatory.

### D. Refusal to Consider Exculpatory Evidence

Finally, Mr. Martin alleges that the hearing officer arbitrarily refused to consider exculpatory evidence "simply because other evidence in the record suggest[ed] guilt." Dkt. 1 at 3. The Court finds no evidence in the record that undermines the conclusion that Mr. Martin threw urine on Officer McDonald or shows any likelihood of a different result. And, even if there was exculpatory evidence in the record, the hearing officer's decision was supported by sufficient evidence of Mr. Martin's guilt.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

A reviewing court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Instead, the court must limit its inquiry "to whether *any reliable evidence* exists to support the conclusions drawn by the hearing officer." *Id.* (emphasis added). A conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Wilson-El v. Finnan*, 311 F. App'x 908, 910 (7th Cir. 2008) (citing *McPherson*).

Mr. Martin was charged with assaulting Officer McDonald in violation of Code 117. An inmate violates Code 117 by "[c]omitting battery/assault upon any staff person . . . which results in bodily injury or serious bodily injury (*including the throwing of bodily fluids or waste on a staff person*)." IDOC, *Adult Disciplinary Process*, App'x I: Offenses, at § 117 (June 1, 2015) (emphasis added). Officer McDonald's conduct report documents that Mr. Martin threw a yellow liquid that smelled like urine on Officer McDonald's shirt and arms. Dkt. 7-1. The conduct report, all by itself, was sufficient evidence to support Mr. Martin's conviction.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Martin's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Martin's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN L. MARTIN
169789
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov